UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY R. ECHLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASSET SYSTEMS, INC.,<br><br>　　　　　Defendant. | CASE NO. C12-5954 BHS<br><br>AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND PROVIDING PLANTIFF LEAVE TO AMEND |

　　This matter comes before the Court on Defendant Asset Systems, Inc.'s ("Asset") motion to dismiss (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.　PROCEDURAL HISTORY

　　On October 17, 2012, Plaintiff Zachary R. Echlin ("Echlin") filed a complaint against Asset in Clark County Superior Court. Dkt. 1-3. On November 2, 2012, Asset removed the action to this Court because it involves claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, thus giving the Court

ORDER - 1

original jurisdiction over Echlin's FDCPA claims and supplemental jurisdiction over his state claims. Dkt.1. Echlin's state claims involve allegations that Asset violated the Washington Consumer Protection Act ("CPA") and RCW 19.86, *et seq*., the Washington Collection Agency Action ("WCAA"), RCW 19.16.250(11), and he attempts to plead what appears to be a claim for the tort of outrage. *See* Dkt. 1-3.

On December 9, 2012, Asset moved to dismiss all of Echlin's state law claims pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 12. On January 7, 2012, Echlin filed a response in opposition to the motion. Dkt. 14. On January 11, 2012, Asset filed a reply. Dkt. 15.

## II. FACTUAL BACKGROUND[1]

Echlin is a Washington resident who received medical services from Legacy Health Systems, but then defaulted on his account. Dkt. 1-3 at 1-2. The debt was allegedly assigned to Asset, an Oregon company. *Id*. at 2. Echlin alleges that he wrote a letter to Asset, around July 21, 2012, indicating that he was represented by attorney Robert Mitchell ("Mitchell"). *Id*. at 3. Robert Friedman ("Friedman"), an attorney retained by Asset, sent a letter to Echlin around October 9, 2012, indicating he had been retained to commence a lawsuit against Echlin, but that settlement was an alternative to litigation. *Id*. at 3-4. Echlin alleges that he was "forced to take time away from his work

---

[1] For purposes of this Fed. R. Civ. P. 12(b)(6) motion, the Court must accept all the facts in Echlin's complaint as true. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Therefore, the Court adopts the allegations of fact contained in Echlin's complaint. *See* Dkt. 1-3.

to respond to the letter," and the letter caused him "frustration, anxiety, and humiliation." *Id*. at 4.

## III. DISCUSSION

**A.     Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.     Application of Motion to Dismiss Standard**

**1.     Vicarious Liability**

In this case, all of Echlin's state law claims are premised upon the receipt of a letter from Asset's attorney Friedman, which was allegedly sent after Echlin notified Friedman that Mitchell was his attorney. Thus, his claims are based upon vicarious

liability, the actions of Asset's legal representation. However, Echlin never actually plead that Mitchell was his attorney; rather, he alleges he notified Asset that he was represented by him. Dkt. 1-3 at 3. Additionally, as Asset argues, attorneys are considered to be independent contractors upon which vicarious liability will not lie as to the client. Dkt. 12 at 4 (*citing, e.g., Evans v. Steinberg*, 40 Wn. App. 585, 588 (1985) ("Continental is not liable for the acts of defense attorneys who were acting as independent contractors.")) (citations omitted).

However, in cases like *Evans*, cited by Asset, it was established that the attorneys were acting as independent contractors. In this case, there are no such allegations that Friedman was acting as an independent contractor for Asset. Nor are there any allegations that he was acting as an employee or in some other capacity. The Court will not presume facts for the purposes of 12(b)(6) motions for dismissal and thus dismissal is appropriate. However, dismissal is without prejudice, as the Court cannot find that any amendment of Echlin's complaint as to these issues would be futile.

**2.  Outrage**

Outrage requires proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975). Whether the conduct is sufficiently outrageous is ordinarily a question for the jury, but

1  courts must initially determine if reasonable minds could differ as to whether the conduct
2  was sufficiently extreme to result in liability. *Robinson v. Pierce County,* 539 F. Supp.
3  2d 1316, 1332-33 (W.D. Wash. 2008). The tort does not extend to mere insults,
4  indignities, threats, annoyances, petty oppressions, or other such conduct since plaintiffs
5  "must necessarily be hardened to a certain degree of rough language, unkindness and lack
6  of consideration." *Strong v. Terrell*, 147 Wn. App. 376, 385 (2008).
7        Asset argues that Echlin's allegation that Friedman sent a letter to him when
8  Asset knew that Echlin was represented by counsel fails to meet the standard for outrage
9  as a matter of law. To support its position, Asset cites to sound legal authority
10 demonstrating the type of conduct Washington courts have found outrageous and the type
11 they have not. *See* Dkt. 12 at 5-6 (*citing, e.g., Strong,* 147 Wn. App. at 381-86 (court
12 found the record did not support Strong's assertion that Terrell exceeded all possible
13 bounds of decency and no reasonable person could conclude Terrell met the standard for
14 outrage where Strong claimed he verbally abused her by screaming at her, critizing her
15 work in a sarcastic, unprofessional manner; telling blond jokes, ridiculing her personal
16 life, including disparaging her house, her husband's employment, and calling her son a
17 bum, which caused her to vomit, have anxiety attacks, depression and heart palpitations);
18 *Birklid v. Boeing Co.*, 127 Wn. 2d 853, 857-58 (1995) (standard for outrage met where
19 plaintiff's alleged employer removed labels on chemicals, denied them access to safety
20 data sheets, harassed employees who requested protective equipment or received medical
21 treatment, altered workplace conditions during safety tests to manipulate results,
22 disguised the harm of chemicals, and conducted experimental exposure of workers to

1  toxic chemicals without their consent);  *Vawter v. Quality Loan Service Corp. of*

2  *Washington*, 707 F. Supp. 2d 1115 (W.D. Wash. 2010) (mortgagors did not plead factual

3  allegations against defendants sufficient to satisfy requirements of a claim for outrage;

4  defendants' actions in connection with foreclosure process may have been problematic,

5  troubling, or deplorable but did not involve physical threats, emotional abuse, or other

6  personal indignities)).

7        Echlin's complaint states that he suffered extreme mental and emotional stress

8  caused by Asset's unlawful conduct.  Dkt. 14 at 5. Echlin maintains that his outrage claim

9  as plead is sufficient to go to the jury. *Id.* (*citing Brower v. Ackerley*, 88 Wn. App. 87, 89

10  (1997)).

11        The letter from which Echlin's claim for outrage stems, as quoted in Echlin's

12  complaint, reads as follows:

13        Re: Claims of Asset Systems, Inc.
      Legacy Good Samaritan Hospital – Principal balance $651.68 –
14  interest $65.77
      Legacy Salmon Creek Hospital – Principal balance $1,884.14 –
15  interest $178.98
      Dear Mr. Echlin,
16        This office represents Asset Systems, Inc. in connection with your
past-due accounts listed above.  There is an outstanding balance due of
17  $2,740.57, including applicable charges and interest computed through
October 9, 2012.  Interest is accruing at the rate of 12% per annum.  We
18  have been asked to commence a lawsuit against you to collect the debt.  If
you want to resolve this matter without litigation, please forward payment
19  in full to this office at the address above.
      Federal law requires that we inform you that unless you notify this
20  office within thirty days after receiving this notice that you dispute the
validity of this debt or any portion thereof, this office will obtain
21  verification of the debt or obtain a copy of a judgment and mail you a copy
of such judgment or verification.  If you make written request within thirty
22

    days from receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
        You may be served with a Summons and Complaint before expiration of the thirty day period referenced above. Service of a Summons and Complaint does not alter your rights contained in the paragraph above.
    Yours sincerely,
    LAW OFFICES OF ROBERT S. FRIEDMAN PLLC
    Debra J. Smith
    Legal Assistant

Dkt. 1-3 at 3.

Echlin argues that "a case of outrage should ordinarily go to a jury so long as the court determines the plaintiff's alleged damages are more than mere annoyance, inconvenience, or normal embarrassment that is an ordinary fact of life." Dkt. 14 at 5 (*citing Brower v. Ackerley*, 88 Wn. App. 87, 89 (1997)). Therefore, Echlin maintains that his pleading met that standard by alleging that he suffered extreme mental and emotional stress. *Id*. However, Echlin's argument goes only to the third element of the tort of outrage. He never addresses any of Asset's arguments regarding the first element of that claim, namely that Friedman's conduct in sending the letter was not extreme or outrageous and thus fails to meet that element.

As indicated above, the first element for the tort of outrage is whether the conduct allegedly perpetrated by the defendant is "extreme and outrageous," such that it is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby*, 85 Wn.2d at 59 (1975). Here, the Court finds that although this letter may have been upsetting to Echlin, assuming Friedman and Asset were on notice that Echlin had retained counsel, Echlin has

1 not plead facts indicating that the sending, receipt or content of the letter rises to the level
2 of outrage.  Reasonable minds could not differ as to this conclusion.
3     Dismissal of Echlin's outrage claim is appropriate.  However, the dismissal is
4 without prejudice because the Court is unable to find that any amendment would be
5 futile.
6     **3. CPA**
7     "[T]o prevail in a private CPA action … a plaintiff must establish five distinct
8 elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3)
9 public interest impact; (4) injury to plaintiff in his or her business or property; (5)
10 causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d
11 778, 780 (1986).  "Since private CPA plaintiffs must establish all five elements, the
12 finding that [any] element is not met is fatal to plaintiffs' claim."  *Id*. at 793.
13     Asset argues that Echlin fails to establish the second and fourth elements of the
14 *Hangman Ridge* test.  Dkt. 12 at 1 and 7-11. Asset contends that Echlin's two causes of
15 action under the CPA, RCW 19.86, fail because: (1) the act complained of did not "occur
16 in trade or commerce" as contemplated by the CPA, and (2) there is no showing of
17 "injury to plaintiff in his business or property" as required by the CPA. *Id.*
18     Echlin contends that he has met the injury element and that Asset misunderstands
19 what "occurring in trade or commerce" and "causation" mean under the CPA. Dkt. 14 at
20 4.
21
22

Echlin contends that

> [t]he purpose of Friedman's letter to the Plaintiff was to "increas[] profits" by scaring the Plaintiff into settling the case thereby minimizing the Defendant's litigation costs and was therefore "entrepreneurial in nature." *Id.* (*citing see Eriks v. Denver*, 118 Wash.2d 451 (1992). "The term trade as used by the CPA only includes the entrepreneurial or commercial aspects of professional services." *Ramos v. Arnold*, 169 P. 3d 482 Wash: Court of Appeals, 1st Div. 2007 (internal quotations omitted). Therefore the Defendant's actions occurred in trade or commerce.

*Id*. at 4-5. In Asset's reply, it properly acknowledged that the allegations made above are not included in Echlin's complaint. Dkt. 15 at 6-7. Asset therefore requests the Court not to consider these "new" allegations raised for the first time in Echlin's opposition brief. *Id*. at 7.

The Court will not accept the new allegations in Echlin's opposition brief. *Schneider v. Cal. Dep't of Corrs*., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (*citing Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (the focus of any Rule 12(b)(6) dismissal is the complaint; this precludes consideration of "new" allegations raised in a plaintiff's opposition to a Rule 12(b)(6) motion)).

Dismissal of Echlin's CPA claims is appropriate because he fails to properly allege the occurring in trade or commerce element of a CPA claim. However, the dismissal is without prejudice because the Court is unable to find that any amendment would be futile.

Asset also contends that even if the Court accepted Echlin's new allegations, they are insufficient to withstand a motion to dismiss under *Twombly and Iqbal.* Dkt. 15 at 6.

ORDER - 9

Asset argues it is not enough for Echlin to plead facts that are merely consistent with Asset's liability. Dkt. 15 at 6 (*citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557 (2007)).

Because the Court dismisses Echlin's claim for failure to properly allege the occurring in trade or commerce element, it is not necessary to rule on whether allegations not plead by Echlin meet the requirements under *Twombly* and *Iqbal*. However, the Court notes that if Echlin files an amended pleading, he should be aware of the heightened pleading requirements established by those cases.

### (b) Injury

Asset also maintains that Echlin fails to show there was injury to his "business or property," thus failing to establish the fourth element of a CPA claim. Dkt. 12 at 9. Asset contends that Echlin fails on the injury element essentially because (1) emotional damages are not compensable under the CPA; and (2) Echlin's allegation that responding to the letter took him away from his work is insufficient to state a claim for damages. Dkt. 12 at 9-11.

### (i) Mental or Emotional Damages

The Court concurs with Asset that "[p]ersonal injuries, including mental pain and suffering are not compensable under the Consumer Protection Act." *Leingang v. Pierce County Medical Bureau*, 131 Wn.2d 133, 158 (1997). *See also Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 317-18 (1993) (emotional distress damages not available under CPA because statute makes no mention of damages other than with respect to business or property). Therefore, Plaintiff's allegation that the letter

1 at issue caused him "frustration, anxiety, and humiliation" (Dkt. 1-3 at 4) does not state a

2 claim of CPA damages under the CPA.

3     Dismissal of Echlin's CPA claims would be appropriate on this basis. However,

4 Echlin plead other damages, a discussion of which follows.

5     **(ii)   Business or Property**

6     In Echlin's complaint, he alleges Asset's "actions damaged Plaintiff

7 economically where Plaintiff was forced to take time away from work to respond to the

8 letter." Dkt. 1-3 at 4. Asset contends that Echlin has failed to plead damage to business

9 or property, as "plaintiff does not allege that he lost the use of property or that he

10 affirmatively incurred costs in an investigation. Dkt. 15 at 8. In an apparent effort to

11 describe the kind of factual allegations that Asset believes are missing, it argues that

12 Echlin "has not provided allegations regarding his work, why he was unable to respond

13 [to the letter] after work, or why his hypothetical attorney could not respond on his

14 behalf." *Id*.

15     Assets cites two cases from this district to support the proposition that Echlin

16 insufficiently plead damages. *Id*. (*citing, e.g., Paris v. Steinberg & Steinberg*, 828

17 F. Supp. 2d 1212, 1217 (W.D. Wash. 2011) (district court dismissed CPA claim where

18 plaintiff only paid lip service to damages and did not sufficiently plead them); *Browne v.*

19 *Avvo Inc.*, 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007) ("most, if not all, of the

20 damages asserted in this case are either too remote to be recoverable or are not

21 cognizable under the CPA")).

22

However, each of the cases cited by Asset are distinguishable from the present matter. In *Paris*, the court found:

> Paris fails to allege any injury from Defendants' failure to comply with the WCAA. First, Plaintiff pays only lip-service to damages by pleading for an award of "actual damages pursuant to Chapter 19.16 of the Revised Washington Code." The complaint lacks any factual allegations that would support a finding of actual damages. (Compl. ¶¶ 118c, 124c, 127b). A complaint does not survive a motion to dismiss "if it offers naked assertions devoid of further factual enhancement." *Iqbal,* 129 S.Ct. at 1949.

828 F. Supp. 2d at 1217.

Unlike Paris, Echlin did not simply allege that he was entitled to actual damages pursuant to Chapter 19.16 of the Revised Washington Code; instead, Echlin plead facts that he suffered "economic[]" loss because he was allegedly "forced to take time away from work to respond to the letter." Dkt. 1-3 at 4. Thus, in contrast to Asset's assertion, Echlin did "affirmatively" plead that he incurred costs. Dkt. 15 at 8. At the pleading stage, the Court does not find it necessary for Echlin to "provid[] allegations regarding his work, why he was unable to respond after work, or why his hypothetical attorney could not respond on his behalf," as Asset asserts. *Id.* However, as this action proceeds, Echlin will have to further explain and prove his allegation.

Finally, the Court does not find that Echlin's damages as alleged are "too remote" as they were in *Avvo*. In *Avvo*, the court explained in relevant part:

> Plaintiff Browne's damage claim is based on his assertion that third-party consumers of legal services were misled by the information and ratings provided by Avvo. To the extent that some of these consumers may have refrained from hiring, or may even have fired, plaintiff Browne based on his attorney profile, he seeks damages associated with lost fees.

525 F. Supp. 2d at 1255.  After analyzing Browne's claim for damages, the Court used the Ninth Circuit's test for remoteness, which Washington courts have adopted:

> (1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries.

*Id.* Using this test, the court in *Avvo* concluded in pertinent part that the damages Browne alleged to third-party persons were too remote because they were not proximately caused by the defendant's conduct; the direct victims who were harmed by Avvo were the consumers who were mislead by Avvo ratings; allowing attorneys who were not hired by consumers to seek damages would add unnecessary complexities to the case; and identifying consumers who went elsewhere to hire an attorney, and determining what, if any, role Avvo's website played in their decision to hire that attorney as well as establishing that the consumer was in fact injured would be incredibly difficult. *Id.*

Unlike the plaintiff in *Avvo*, Echlin has alleged he is the only direct victim of Asset's conduct.  Further, his alleged damages, which resulted from economic loss due to the alleged time he had to take off work to respond to Friedman's letter, while not fully explained at present, will not be difficult or complex to ascertain.

Asset's motion to dismiss as to Echlin's CPA claims on this basis is denied. However, as the court found above, Echlin's CPA claims fail to meet other pleading standards and are therefore dismissed on the basis previously articulated. *See supra.*

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Asset's motion to dismiss (Dkt. 12) is **GRANTED,** and Echlin's state law claims for the tort of outrage and violations of the CPA and WCAA are **DISMISSED without prejudice** and with leave to amend. If Echlin fails to file his amended complaint on or before February 8, 2013, the Court will dismiss with prejudice Echlin's state law claims.

Dated this 25th day of January, 2013.

BENJAMIN H. SETTLE  
United States District Judge